UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JORDAN ISAIAH MAURICE WATTS,

    Plaintiff,

v.

COUNTY OF KALAMAZOO, et al.,

    Defendants.
_____/

Case No. 1:25-cv-50

Hon. Hala Y. Jarbou

## ORDER

On March 19, 2025, the magistrate judge screened Plaintiff's complaint under 28 U.S.C. § 1915 and entered a report and recommendation ("R&R") that the Court dismiss Defendants Kalamazoo County, Judge Hemmingway, Assistant United States Attorney ("AUSA") Lane, AUSA Ross, the United States Attorney's Office, John Doe #1, John Doe #2, and WWMT Channel 3 News. (R&R, ECF No. 8.) Before the Court are Plaintiff's objections to the R&R. (Pl.'s Objs., ECF No. 9.)

Under Rule 72 of the Federal Rules of Civil Procedure,

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

**A. Defendants Lane & Ross**

According to the magistrate judge, AUSAs Lane and Ross "were involved in presenting evidence to the grand jury, which indicted Watts on three counts of sexual exploitation of a child, and in prosecuting those charges on behalf of the government." (R&R 16.) The magistrate judge

rightly concluded that these Defendants are entitled to absolute prosecutorial immunity for such actions.

However, as Plaintiff notes in his objections, he also alleges that Lane and Ross assisted the police with preparing false affidavits to support applications for search warrants. (*See* Compl., ECF No. 1, PageID.12.) The magistrate judge did not discuss these allegations. It is possible that these Defendants are not entitled to absolute immunity for such actions.

As the Court of Appeals has explained:

> Prosecutorial immunity from suit under § 1983 applies to activities that are "integral part[s] of the judicial process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (citation omitted); *see also Price v. Montgomery Cnty.*, 72 F.4th 711, 719–20 (6th Cir. 2023). "The analytical key to prosecutorial immunity . . . is *advocacy*—whether the actions in question are those of an advocate." *Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000).

*Cremeans v. Taczak*, No. 22-3730, 2023 WL 5206437, at *2 (6th Cir. Aug. 14, 2023). "There is a difference between the advocate's role in evaluating evidence and interviewing witnesses as he prepares for trial, on the one hand, and the detective's role in searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested, on the other hand." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Prosecutors are not entitled to immunity for "giving advice to the police" or for pretrial investigative activities that are not "closely associated with the judicial process." *Burns v. Reed*, 500 U.S. 478, 494-95 (1991).

A prosecutor who helps prepare a search warrant affidavit is not necessarily acting in their prosecutorial role or functioning as an advocate for the state. The line between investigative activity and prosecutorial advocacy in connection with search warrants depends in part on the purpose of the search warrants and whether there existed probable cause to arrest the suspect. *See Lomaz v. Hennosy*, 151 F.3d 493, 499 (6th Cir. 1998) (holding that *where probable cause existed to prosecute the suspect*, and the purpose of the search warrant was "not primarily investigative,

but was to obtain and preserve the evidence," the prosecutors were entitled to absolute immunity); *Buckley*, 509 U.S. at 274 ("A prosecutor neither is, nor should consider himself to be, an advocate before he has probable cause to have anyone arrested."). Here, the purpose of the search warrants is unclear. Accordingly, at this stage, the Court is not persuaded that prosecutorial immunity applies. The Court will therefore reject the R&R insofar as it recommends dismissal of Defendants Lane and Ross.[1]

### B. United States Attorney's Office

The magistrate judge recommends dismissing the United States Attorney's Office because, assuming this office is an actual entity capable of being sued, it is part of the federal government and is therefore entitled to sovereign immunity. (R&R 17.) The Court discerns no error in that conclusion. Plaintiff objects to dismissal of this Defendant, but he does not explain how he can overcome sovereign immunity. Accordingly, the Court will dismiss the United States Attorney's Office.

### C. Kalamazoo County

The magistrate judge noted that a municipal entity like Kalamazoo County is liable for constitutional violations only where those violations are the result of a "municipal policy or custom." (R&R 18.) Plaintiff does not allege that a policy or custom was the source of his injuries, so he does not state a claim against the county.

Plaintiff objects that he can obtain evidence of an unconstitutional "practice" by the county through discovery. (Pls.' Objs., PageID.59.) However, Plaintiff's burden at the pleading stage is to allege sufficient facts to state a claim. If he cannot meet that burden, he cannot "unlock the doors of discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[1] This Court's conclusion does not preclude Defendants from moving for dismissal for failure to state a claim.

Plaintiff also contends that he notified various officials of the allegedly unconstitutional searches and seizures against him and those officials failed to act. Plaintiff apparently contends that this inaction suggests the county failed to adequately train or supervise its staff in handling constitutional violations. However, a failure to respond to Plaintiff's purported injuries does not plausibly suggest that a county policy was the cause of those injuries. Plaintiff would need allegations predating the asserted violation of his own rights to demonstrate that a policy or custom of the county led to that violation. *See Pineda v. Hamilton County*, 977 F.3d 483, 495-96 (6th Cir. 2020) (noting that a failure to investigate the plaintiff's injury does not establish a policy or custom that led to that injury). He does not point to such allegations. Accordingly, the Court will dismiss the county for failure to state a claim.

### D. John Doe #1 & John Doe #2

The magistrate judge recommends dismissal of the two unnamed police officers because Plaintiff "makes only conclusory allegations that [these] two unnamed individuals kept him detained after June of 2023." (R&R 18.) The magistrate apparently relied solely on Plaintiff's allegations in support of "Claim 12" of the complaint, which assert that these individuals kept Plaintiff "detained illegally probing for probable cause after any wrongdoing was dispelled in June of 2023." (*See* Compl., PageID.11.) In his objections, Plaintiff clarifies that these two unnamed defendants are mentioned elsewhere in his complaint, where he alleges that two unidentified officers stopped him for failing to have a plate on his vehicle. (*See id.*, PageID.7.) Plaintiff allegedly directed them to a temporary paper plate in his window and explained that his permanent plate had been stolen. (*Id.*) Nevertheless, the officers detained him for about an hour while "looking all through [his] vehicle." (*Id.*) He claims these Defendants violated his Fourth Amendment rights by keeping him detained longer than necessary to complete the purpose of the

4

traffic stop and searched his vehicle without reasonable suspicion for doing so. Construed generously at this stage, these allegations are sufficient to state a Fourth Amendment claim.

### E. Equal Protection

The magistrate judge concluded that Plaintiff failed to state an equal protection claim regarding his treatment during a criminal investigation because he did not allege that Defendants had treated him differently from similarly situated individuals. (R&R 22.) Plaintiff objects that he was treated differently from other potential witnesses who were similarly situated. This assertion is unsupported by any facts in the complaint. Accordingly, the Court agrees that Plaintiff fails to state an equal protection claim. Plaintiff again asserts that he will be able to support his claim after obtaining discovery, but as discussed above, Plaintiff cannot obtain discovery to support a claim that fails to survive at the pleading stage.

### F. Judge Hemingway

Finally, Plaintiff objects to the magistrate judge's conclusion that Judge Hemingway is entitled to judicial immunity for approving search warrants. Citing *Mireles v. Waco*, 502 U.S. 9 (1991), Plaintiff argues that Defendant Hemingway "abandoned her judicial role" by assisting law enforcement with violating Plaintiff's constitutional rights. (Pl.'s Objs., PageID.64.) In *Mireles*, the Supreme Court made clear that judges are not immune in two circumstances: (1) for actions "not taken in [their] judicial capacity"; and (2) "for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11. Plaintiff's allegations do not satisfy either of those exceptions. Approving search warrants is clearly a judicial act. There is no indication that Judge Hemingway acted in the absence of all jurisdiction. Consequently, the Court will dismiss Defendant Hemingway.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 8) is **ADOPTED IN PART** and **REJECTED IN PART** as set forth herein.

**IT IS FURTHER ORDERED** that Defendants Kalamazoo County, Hemingway, the United States Attorney's Office, and WWMT Channel 3 News are **DISMISSED** for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's equal protection claim under the Fourteenth Amendment is **DISMISSED** for failure to state a claim.

Dated: June 23, 2025　　　　　　　　　　　/s/ Hala Y. Jarbou
　　　　　　　　　　　　　　　　　　　　HALA Y. JARBOU
　　　　　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE